**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HS GROUP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1525** |
| **M/V MISS DORIS, her engines, tackle, appurtenances, etc., *in rem*** | **SECTION: "P" (4)** |

**ORDER AND REASONS**

Before the Court is the Motion for Interlocutory Sale of the M/V MISS DORIS (R. Doc. 13) filed by Plaintiff, HS Group, LLC. The Court has reviewed the motion, the record, and the applicable law. For the reasons that follow, the motion is denied without prejudice.

## I. BACKGROUND

On July 11, 2026, Plaintiff filed the Verified Complaint in this action, stating that the M/V MISS DORIS has been stored at property owned by HS Group, LLC since November 1, 2023, and that HS Group, LLC has provided necessaries for the M/V MISS DORIS, including storage, docking, oversight and movement of the M/V MISS DORIS totaling $99,277.50, as of March 30, 2025 and accruing at the rate of $115.83 per day.[1] In order to secure payment for the services of HS Group, LLC for the M/V MISS DORIS, HS Group, LLC filed a Notice of Claim of Lien with the United States Coast Guard National Vessel Documentation Center, which was recorded against the vessel on April 9, 2025.[2] As of the filing of the Verified Complaint, the amount owed to Plaintiff for the necessaries provided for the M/V MISS DORIS remained unpaid and was continuing to accrue.[3] Plaintiff thus filed this action for enforcement of the maritime lien and the Notice of Claim of Lien against the M/V MISS DORIS. A Warrant of Arrest was issued against

[1] R. Doc. 1 at ¶ 5
[2] R. Doc. 1 at ¶ 6; R. Doc. 1-2; R. Doc. 13-2 at 4.
[3] R. Doc. 1 at ¶ 8.

the M/V MISS DORIS on July 13, 2026.[4] Since the vessel was seized, it has been in the possession of the Court-appointed substitute custodian, Pinnacle Energy, LLC.

The Abstract of Title for the M/V MISS DORIS, issued on August 6, 2026, reveals Plaintiff's Notice of Claim of Lien is the only undischarged lien or preferred mortgage recorded against the vessel.[5] On August 25, 2026, Plaintiff sent notice of the commencement of this action and seizure of the vessel to the owners of the M/V MISS DORIS, Cox Operating, LLC and Flow Line Transportation, LLC, by certified mail.[6] Plaintiff also published its Notice of Complaint *In Rem* in The Advocate on August 27, 2026.[7] To date, the record reflects that no person or entity has filed any claim asserting an interest in the M/V MISS DORIS, and there has been no attempt to secure the release of the M/V MISS DORIS from arrest. Plaintiff requests that the Court order the interlocutory sale of the M/V MISS DORIS pursuant to Rule E(9)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims.

## II. LAW AND ANALYSIS

Rule E(9)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims provides, in pertinent part, as follows:

> On application of a party, . . . the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> > (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> > (B) the expense of keeping the property is excessive or disproportionate; or
> > (C) there is an unreasonable delay in securing release of the property.

[4] R. Doc. 9.
[5] R. Doc. 13-2.
[6] R. Doc. 13-3.
[7] R. Doc. 13-4.

Satisfaction of any one of the three criteria is sufficient to justify an interlocutory sale.[8] Plaintiff's memorandum in support of its motion argues all three of the criteria are satisfied in this case. On the record currently before the Court, the Court cannot find that any of the criteria are satisfied. A Court's factual findings must be based on evidence in the record, and here Plaintiff has failed to provide any evidence to support its arguments as to the criteria in subsections (A) and (B). The record also does not support the finding Plaintiff seeks under subsection (C).

With respect to the criterion in subsection (A), Plaintiff's memorandum in support of its motion states that the M/V MISS DORIS is deteriorating in a number of respects and that the vessel is susceptible to decay and deterioration by sitting idle in the water.[9] But statements by counsel in a memorandum are argument, not evidence. And, Plaintiff has not provided any evidence upon which the Court could make the finding Plaintiff seeks.[10] The same is true for Plaintiff's argument that the expense of holding the vessel under arrest is excessive under subsection (B). Plaintiff's memorandum states that Plaintiff has been paying the substitute custodian $300.00 per day to maintain and preserve the vessel,[11] but Plaintiff has not provided any evidence to support its claim that it has been paying this expense. Moreover, Plaintiff cites to *Stewart & Stevenson Services, Inc. v. M/V Chris Way MacMillan,* 890 F. Supp. 552, 564 (N.D. Miss. 1995), in support of its contention that $300.00 per day to maintain custody of the vessel is excessive.[12] But in that case, the court found the daily expense of $150.00 justified the interlocutory sale of the vessel because the expense of maintaining the property was "clearly

---

[8] *Merchants Nat'l Bank v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981).
[9] R. Doc. 13-1 at 3–4.
[10] Plaintiff cites to *Boland Marine & Mfg. Co. v. M/V A.G. Navajo*, 02-0658, 2002 WL 31654856, at *3 (E.D. La. Nov. 22, 2002) in support of its argument that the deterioration of the M/V MISS DORIS justifies ordering the interlocutory sale of the vessel. R. Doc. 13-1 at 4 n.8. In *Boland Marine & Mfg. Co.*, however, the court's finding was based on the opinions of a marine surveyor who inspected the vessel and whose report was part of the record as an exhibit to the motion for interlocutory sale. *See Boland Marine & Mfg. Co.*, 2002 WL 31654856, at *3.
[11] R. Doc. 13-1 at 4.
[12] R. Doc. 13-1 at 4 n.9.

disproportionate to its value."[13] Thus, *Stewart & Stevenson Services, Inc.* only supports Plaintiff's argument if Plaintiff seeks a finding that subsection (B) is satisfied because the expense of $300.00 per day to maintain custody of the M/V MISS DORIS is clearly disproportionate to the value of the vessel. The Court is unable to make such a finding on the current record because Plaintiff has not provided any evidence of the value of the M/V MISS DORIS.

Lastly, with respect to the criteria in subsection (C), Plaintiff argues interlocutory sale is warranted because the owners of the M/V MISS DORIS have made no attempt to secure the release of the vessel and, at the time the motion was filed, the vessel had been under arrest for almost two months.[14] "As a general rule, defendants are given at least four months to bond a vessel absent some other considerations."[15] Plaintiff calculates the amount of time the vessel has been under arrest using July 13, 2026 as the date of the arrest.[16] Upon review of the record, however, it is not evident that the arrest occurred on that date. The record shows that on July 13, 2026, the Court issued an order authorizing the issuance of a warrant for the arrest of the M/V MISS DORIS,[17] and the Clerk of Court issued the arrest warrant.[18] There is no indication in the record that the arrest also occurred on July 13, 2026. To the contrary, the only document related to service of the arrest warrant is the Process Receipt and Return, filed by Plaintiff on August 13, 2026, which states that the arrest warrant was served upon an agent for the Substitute Custodian of the vessel on August 11, 2026, by a private process server.[19]

---

[13] *Stewart & Stevenson Services, Inc.*, 890 F. Supp. at 564.
[14] R. Doc. 13-1 at 4–5.
[15] *John W. Stone Oil Distributor, L.L.C. v. M/V LUCY*, No. 09-4440, 2009 WL 4166605, at *1 (E.D.La. Nov. 20, 2009) (collecting cases).
[16] See R. Doc. 13-1 at 4 (referring the to arrest of the vessel on July 13, 2026); R. Doc. 13-1 at 2 ("The M/V MISS DORIS was seized pursuant to an order of the Court on July 13, 2026[.]")
[17] R. Doc. 8.
[18] R. Doc. 9.
[19] R. Doc. 11.

The distinction between July 13, 2026, and August 11, 2026, is relevant for purposes of determining whether the owners of the M/V MISS DORIS have unreasonably delayed securing the release of the vessel. If the vessel was arrested on July 13, 2026, as Plaintiff contends, then the delay in securing the release of the vessel has been longer than 4 months, which is generally considered unreasonable.[20] But if the vessel was not arrested until August 11, 2026, as the record currently indicates, then there has not yet been a 4-month delay. Because there is no evidentiary basis to support a finding that the arrest occurred on July 13, 2026, the Court uses August 11, 2026, the earliest date on which the record reflects service of the warrant, as the date of the arrest. Additionally, the Court applies the general 4-month rule because Plaintiff has not shown that any circumstances exist that would warrant finding an unreasonable delay based on some lesser period of time.[21] Under these facts, Plaintiff has not shown that there has been an unreasonable delay in securing the release of the M/V MISS DORIS, and thus there is no basis to order the interlocutory sale of the vessel at this time.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff HS Group, LLC's Motion for Interlocutory Sale of the M/V MISS DORIS (R. Doc. 13) is **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 19th day of November 2026.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[20] *John W. Stone Oil Distributor, L.L.C.*, 2009 WL 4166605, at *1–2.

[21] *See id.* at *1 (recognizing that some courts have found an unreasonable delay after a shorter period of time where other considerations were present).